IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATSY JONES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-964- GPM |
| | ) |
| WAL-MART STORES, INC., d/b/a | ) |
| WALMART SUPERCENTER STORE # 237, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court on a motion to remand to state court filed by Plaintiff Patsy Jones (Doc. 5). Plaintiff initially filed this lawsuit on May 4, 2012, in the Circuit Court of the First Judicial Circuit, Saline County, Illinois (Doc. 2-2). After conducting some discovery, Defendant Wal-Mart removed the case pursuant to 28 U.S.C. §§ 1332(a) and 1446(b)(3) (Doc. 2). Plaintiff, in their motion to remand, contends that Defendant should have been able to discern that Plaintiff's claims exceeded the $75,000.00 amount in controversy as required by 28 U.S.C. § 1332(a)(1) by reading Plaintiff's complaint (Doc. 5). Since Defendant did not remove this case until August 31, 2012, Plaintiff maintains that Defendant's removal was untimely (Doc. 5). Defendant contends that it was not able to ascertain whether removal would be proper until, at least August 3, 2012, when Defendant received discovery responses (Docs. 2, 6). Moreover, Plaintiff advised Defendant she would not stipulate to seek or enforce a judgment less than $75,000.00 (Doc. 6).

Plaintiff claims this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity jurisdiction. The exercise of federal subject matter jurisdiction in diversity requires the parties to a case be completely diverse; which is to say, no plaintiff may be a citizen of the same state as any defendant, and the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Driscoll v. Brown & Crouppen, P.C.*, Civil No. 09-859-GPM, 2009 WL 3770190, 2009 U.S. Dist. LEXIS 105888 at *1 (S.D. Ill. Nov. 10, 2009).

> Under 28 U.S.C. § 1446(b)(3)
>
> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

The Court finds that Defendants have properly complied with the requirements of 28 U.S.C. § 1446(b)(3) and therefore Plaintiff's motion to remand (Doc. 5) is DENIED. In examining the two claims alleged in Plaintiff's complaint (Doc. 2-2), the rule of aggregation is inappropriate. *See Hanlon ex. rel. Estate of Hanlon v. XY Tool & Die, Inc.*, 2004 WL 8838035, *4, 2004 U.S. Dist. LEXIS 6675 (2004). Therefore, Defendant was correct in not removing this case until receipt of discovery responses and Plaintiff's refusal to agree to seek or enforce a judgment less than $75,000.00.

Having denied Plaintiff's motion to remand, the Court "has an independent duty to satisfy itself that it has subject-matter jurisdiction[.]" *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *see also Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether

subject matter jurisdiction exists in every case.")

Here, a review of Defendant's notice of removal (Doc. 2) reveals flaws in Defendant's jurisdictional allegations. Specifically, Defendant states that "[u]pon information and belief, Plaintiff Patsy Jones is now and was at the commencement of this action a citizen of the State of Illinois." (Doc. 2, ¶ 2). Allegation based upon "information and belief" are insufficient to establish subject matter jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam). Although it seems likely Plaintiff will be able to establish jurisdiction by more appropriate allegations, "subject matter jurisdiction must be a matter of certainty and not of probabilities." *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995). Accordingly, Plaintiff is **ORDERED** to file an Amended Notice of Removal **on or before October 3, 2012** to correct the error in Defendant's pleadings..

    **IT IS SO ORDERED.**

    **DATED**: September 26, 2012

    /s/ *G. Patrick Murphy*
    G. PATRICK MURPHY
    United States District Judge